**SMITH & SMITH**
GERALD K. SMITH AND JOHN C. SMITH
LAW OFFICES, PLLC
ATTORNEYS AT LAW
6720 E. Camino Principal, Suite 203
Tucson, AZ 85715
Tel: (520) 722-1605
Fax: (520) 722-9096

Gerald K. Smith, State Bar No. 001428
Email: gerald@smithandsmithpllc.com
John C. Smith, State Bar No. 023008
Email: john@smithandsmithpllc.com
Will Sherman, State Bar No. 034221
Email: will.sherman@gmx.com

*Attorneys for Official Committee of Unsecured Creditors*

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>FARWEST PUMP COMPANY,<br><br>Debtor. | Chapter 11 Proceeding<br><br>Case No. 4:17-bk-11112-BMW<br><br>**COMMITTEE'S NON-ADVERSE MODIFICATION OF PLAN OF LIQUIDATION WITH RESPECT TO DAVID LEONARD'S CLAIM** |

Pursuant to 11 U.S.C. § 1127[1] and Rule 3019, the Official Committee of Unsecured Creditors (the "Committee") in the above-entitled bankruptcy proceeding, hereby submits this Second Non-Adverse Modification to the *Committee's Liquidating Plan* (the "Committee's Plan") filed on March 30, 2018 [DE 175] with respect to David Leonard's claim.

**I.** <u>**Non-Adverse Modification.**</u>

The Committee's Plan is modified as follows (additions are indicated in bold and underlined and deletions are indicated with a strike through):

**Classification and Treatment of Claims and Interests**

    3.7.    <u>Class 7- Secured Claim of David Leonard.</u>

        **A.**    **Description.**

---

[1] Unless otherwise stated herein, all statutory and rule references shall refer to Title 11 of the United States Code and the Federal Rules of Bankruptcy Procedure respectively.

The Debtor's Amended Schedule D lists David Leonard as holding a security interest in the Secura Crime Insurance Claims up to $400,000. The Debtor attributes $750,000 value to the Secura Crime Insurance Claim.

### B. Treatment.

Class 7 is impaired by the Plan. ~~Upon information and belief, David Leonard failed to take necessary steps to perfect his interest in the Secura Crime Insurance Claim. Accordingly, Mr. Leonard's lien, to the extent such a lien existed, shall be stripped pursuant to § 506 and Mr. Leonard shall be treated as a Class 8 General Unsecured Creditor. David Leonard shall receive a pro rata distribution of his allowed unsecured claim.~~

**David Leonard will be paid 50% of all proceeds from insurance until he has been paid up to $200,000. This is expected to consist of:**

**1. Fifty percent (50%) of the $49,185 currently held by the Debtor (David Leonard's share would be $24,592.50);**

**2. Fifty percent (50%) of the $247,415 insurance claim currently being prepared by the Debtor (David Leonard's share would be $123,707.50);**

**3. Fifty percent (50%) of all other insurance proceeds as soon as they are received by the Debtor, up to aggregate total payment of insurance proceeds to David Leonard of $200,000. In the event the above payments are paid first, then this would apply to the next $103,400 of insurance proceeds, of which David Leonard would receive fifty percent (50%) or $51,700.**

**4. David Leonard will be granted an allowed general unsecured claim for $243,762.94 to be paid pursuant to the Plan. (Note: there is "overlap" of $51,700 of David**

**Leonard's claim that could be paid as a secured claim from insurance proceeds, as an unsecured claim, or a combination of both, whichever happens first. The unsecured claim will be reduced by up to $51,700 if paid first from the insurance proceeds, or the insurance payout will be reduced if this is first paid from the unsecured pool).**

**David Leonard would have the right to review and provide comments on all insurance claims prior to claims being filed with the insurer until the $200k cap is reached**.

## II. DISCUSSION

### A. The Proposed Modification Is Non-Adverse.

Pursuant to 11 U.S.C. § 1127(a), a "proponent of a plan may modify such plan at any time before confirmation but may not modify such plan so that such plan as modified fails to meet the requirements of §§ 1122 and 1123 of this title." Section 1127(c) provides that the proponent of a modified plan shall comply with the requirements of § 1125, which section requires a disclosure statement with adequate information. However, a disclosure statement is not necessary where the modifications to a plan are not material. *In re Downtown Inv. Club III*, 89 B.R. 59, 65 (B.A.P. 9th Cir. 1988); *see also In re Rhead*, 179 B.R. 169, 176 (Bankr. D. Ariz. 1995). The word "material" in this context has been defined as follows: "so affect[ing] a creditor or interest holder who accepted the plan that such entity, if it knew of the modification, would likely reconsider its acceptance." *In re Am. Solar King Corp.*, 90 B.R. 808, 824 (Bankr. W.D. Tex. 1988).

Under § 1127(d), acceptances and rejections of the plan before modification are deemed to have voted the same way with respect to the modified plan unless a holder of a claim changes

its previous acceptance or rejection. Bankruptcy Rule 3019 implements § 1127(d) and provides as follows:

> If the court finds after hearing on notice to the trustee, any committee appointed under the Code, and any other entity designated by the court that the proposed modification does not adversely change the treatment of the claim of any creditor or the interest of any equity security holder who has not accepted in writing the modification, it shall be deemed accepted by all creditors and equity security holders who previously accepted the plan.

Fed. R. Bankr. P. 3019(a). Therefore, if there is no adverse change, there is also no need to resolicit votes in favor of the modified plan.

This modification is a non-adverse modification because the modification is immaterial. That is, the modification is unlikely to affect an accepting creditor in such a manner that the creditor would likely reconsider its vote.

As a result, the Committee seeks the Court's order finding that this modification to the Plan is in compliance with the Bankruptcy Code, that the Committee has provided adequate disclosure to make such modification, and that the Plan may be confirmed as modified without further noticing requirements.

### III. **CONCLUSION**

The Committee requests the Court find that the modification is a non-adverse modification and permit the case to proceed to the evidentiary hearing on May 2, 2019.

DATED this 12th day of March 2019.

          **GERALD K. SMITH AND JOHN C. SMITH LAW OFFICES, PLLC**

          By *s/ John C. Smith*
            John C. Smith
            *Attorneys for Official Committee of Unsecured Creditors*

Copy of the foregoing was mailed or emailed* this 12th day of March 2019, to:

Renee Sandler Shamblin*
Office of the United States Trustee
230 North First Avenue, #204
Phoenix, AZ 85003-1706
Email: renee.s.shamblin@usdoj.gov

Kasey C. Nye*
Waterfall Economidis Caldwell Hanshaw & Villamana, P.C.
5210 E. Williams Circle, Suite 800
Tucson, AZ 85712
Email: knye@waterfallattorneys.com
*Attorneys for Debtor*

Brad Peters*
San Joaquin Bit Service, Inc.
P. O. Box 40186
Bakersfield, CA 93384
Email: bpeters@sanjoaquinbit.com

G. Lawrence Schubart*
Stubbs & Schubart, P.C.
340 N. Main Avenue
Tucson, AZ 85701
Email: lschubart@stubbsschubart.com

Daryl Bishop*
Steven Gilfenbain*
The Morgan Rose Ranch, LP
9777 Wilshire Blvd., Suite 900
Beverly Hills, CA 90212
Email: dbishop@mmgagribusiness.com
Email: steven@mmgagribusiness.com

Robert M. Charles, Jr.*
Jeffrey L. Sklar*
Cindy K. Schmidt*
Lewis Roca Rothgerber Christie LLP
One S. Church Ave., Suite 2000
Tucson, AZ 85701-1611
Email: rcharles@lrrc.com
Email: jsklar@lrrc.com
Email: cschmidt@lrrc.com

| | |
|---|---|
| 1 | Rebecca O'Brien* |
| | Rusing, Lopez & Lizardi, PLLC |
| 2 | 6363 N. Swan Rd., Suite 151 |
| | Tucson, AZ 85718 |
| 3 | robrien@rllaz.com |
| 4 | *Attorneys for Douglas Dunlap* |
| 5 | William Novotny* |
| | D. Samuel Coffman* |
| 6 | Dickinson Wright PLLC |
| 7 | 1850 N. Central Ave., Suite 1400 |
| | Phoenix, AZ 85004 |
| 8 | wnovotny@dickinsonwright.com |
| | scoffman@dickinsonwright.com |
| 9 | *Attorneys for Industrial Commission of Arizona* |
| 10 | |
| | Nancy Swift* |
| 11 | Buchalter, a Professional Corporation |
| 12 | 16435 N. Scottsdale Rd., Suite 440 |
| | Scottsdale, AZ 85254-1754 |
| 13 | nswift@buchalter.com |
| | *Attorneys for Ford Motor Credit Corp.* |
| 14 | |
| 15 | Jacob Sparks* |
| | Spencer Fane |
| 16 | 10100 North Central Expressway, Suite 225 |
| 17 | Dallas, TX 75231-4456 |
| | JSparks@SpencerFane.com |
| 18 | *Attorneys for UMB* |
| 19 | |
| | S. Cary Forrester* |
| 20 | Forrester & Worth, PLLC |
| 21 | 3636 N. Central Avenue, Suite 700 |
| | Phoenix, AZ 8501 |
| 22 | Email: SCF@forresterandworth.com |
| | *Attorney for Reliant Well Drilling* |
| 23 | *and Pump Company, Inc. and Vaught* |
| | *Equipment, LLC* |
| 24 | |
| 25 | Howard A. Chorost* |
| | Howard A. Chorost, P.C. |
| 26 | 21 E. Speedway Blvd. |
| 27 | Tucson, Arizona 85705 |
| | Email: hchorost@me.com |
| 28 | *Attorney for Creditor Stubbs and Schubart* |

| 1  | |
|----|--|
| 2  | Jill H. Perrella* |
|    | James G. Florentine* |
| 3  | Snell & Wilmer L.L.P. |
|    | One S. Church Ave., Suite 1500 |
| 4  | Tucson, AZ 85701 |
| 5  | Email: jperrella@swlaw.com |
|    | Email: jflorentine@swlaw.com |
| 6  | *Attorneys for Creditor Flaska* |
| 7  | |
|    | Robert L. Dawidiuk* |
| 8  | The Collins Law Firm P.C. |
|    | 1770 Park Street, Suite 200 |
| 9  | Naperville, IL 60563 |
| 10 | Email: rdawidiuk@collinslaw.com |
| 11 | Lesley Lukach* |
|    | Pima County Attorney's Office |
| 12 | 32 N. Stone, Suite 2100 |
| 13 | Tucson, AZ 85701 |
|    | Email: Lesley.Lukach@pcao.pima.gov |
| 14 | *Attorneys for Pima County Treasurer* |
| 15 | Roger Frazier* |
| 16 | Law Office of Roger W. Frazier |
|    | 2525 E. Broadway Blvd., Suite 200 |
| 17 | Tucson, AZ 857165 |
|    | roger@frazierlawaz.com |
| 18 | *Attorney for Joseph and Peggy Salvail* |
| 19 | All entities listed on the Master Mailing List |
|    | on file with the Court |
| 20 | |
|    | */s/ Kate Manns* |
| 21 | Kate Manns |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |