FILED

JUL 1 2020

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: | BAP No.   AZ-20-1022 |
| FARWEST PUMP COMPANY, | Bk. No.   4:17-bk-11112-BMW |
| Debtor. | |
| VAUGHT EQUIPMENT, LLC; RELIANT WELL DRILLING AND PUMP CORPORATION, INC., | |
| Appellants, | |
| v. | **ORDER DENYING LEAVE AND DISMISSING APPEAL** |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS, | |
| Appellee. | |

Before:  LAFFERTY, BRAND, and FARIS, Bankruptcy Judges.

The Panel received and considered appellants' motion for a determination that the order on appeal is final, alternatively seeking leave to appeal.  The Panel also considered appellee's opposition to the motion and appellants' reply.

This is an appeal from an order tolling the deadline for the appellee Committee to file certain types of adversary complaints. Appellants anticipate that they will be defendants in such an adversary proceeding.

We find the order on appeal to be interlocutory. The order is a preliminary step in any possible dispute between the parties. The order functions as an extension of a deadline to file a complaint.[1] Such extension orders are interlocutory. *See Dalton Equip. Co. v. Brown*, 594 F.2d 195, 197 (9th Cir. 1979) (finding order extending time to object to discharge to be interlocutory); *Travers v. Dragul (In re Travers)*, 202 B.R. 624, 625-26 (9th Cir. BAP 1996) (order allowing an extension of the filing deadline determines only intervening matter that sets dischargeability dispute into motion); *Eagle v. Bank of Am. (In re Eagle)*, 373 B.R. 609, 610 (8th Cir. BAP 2007); *Pappas v. Int'l Minerals & Res., S.A (In re Pappas)*, 215 B.R. 646, 649 (2d Cir. BAP 1998). That the order was entered in the main bankruptcy case and not in any adversary proceeding does not render it final. Extensions of time to file complaints are often entered in the main case before an adversary proceeding is filed. They are still interlocutory.

Appeal from an interlocutory order requires leave of the Panel. *See* 28 U.S.C. § 158(a)(3). The BAP routinely applies the factors enunciated in 28 U.S.C. § 1292(b) in deciding whether to

---

[1] "To toll a limitations period is, effectively, to extend it." *Lawrence v. United States*, 2019 WL 6497368, at *1 (N.D. Ill. Dec. 3, 2019).

2

grant leave to appeal interlocutory bankruptcy court orders. "[L]eave is appropriate if the order involves [1] a controlling question of law [2] where there is substantial ground for difference of opinion and [3] when the appeal is in the best interests of judicial economy because an immediate appeal may materially advance the ultimate termination of the litigation." *In re Travers*, 202 B.R. at 626.

The Panel is not persuaded that leave to appeal should be granted in this instance. The matter on appeal involves the bankruptcy court's application of the tolling doctrine to the facts before it. We do not see a controlling question of law for which there are substantial grounds for difference of opinion, both of which are necessary to obtain leave to appeal.

If and when the Committee files any avoidance proceedings, the defendants will be free to litigate the issue of timeliness, including whether the Committee was entitled to a tolling of the deadline. *See Hill v. McDermott*, 2017 WL 4736714, at *6 (D. Minn. Oct. 19, 2017) (extension order raised in appeal from final judgment), aff'd sub nom. *Hill v. Snyder*, 919 F.3d 1081 (8th Cir. 2019).

Leave to appeal is ORDERED DENIED and this appeal is DISMISSED for lack of jurisdiction. This dismissal is without prejudice to the tolling order being appealed in a timely appeal

from a final order or judgment in any adversary proceeding to which it pertains. *See Am. Ironworks & Erectors, Inc. v. N. Am. Const. Co.*, 248 F.3d 892, 897-98 (9th Cir. 2001); *Aucoin v. S. Ins. Facilities Liquidating Corp. (In re Aucoin)*, 35 F.3d 167, 170 (5th Cir. 1994) ("order granting Motion to Extend is reviewable on appeal after . . . final judgment on the merits of the adversary proceeding").

BAP#:   AZ-20-1022
Debtor: FARWEST PUMP COMPANY
Re:     07/01/2020 BAP Order Denying Leave and Dismissing Appeal

# CERTIFICATE OF MAILING

The undersigned, deputy Clerk of the U.S. Bankruptcy Appellate Panel of the Ninth Circuit, hereby certifies that a copy of the document to which this certificate is attached was transmitted this date to all parties of record to this appeal, to the United States Trustee and to the Clerk of the Bankruptcy Court.

**By:** Vincent Barbato, Deputy Clerk
**Date:** July 1, 2020