**SMITH & SMITH**
GERALD K. SMITH AND JOHN C. SMITH
LAW OFFICES, PLLC
ATTORNEYS AT LAW

6720 E. Camino Principal, Suite 203
Tucson, AZ 85715
Tel: (520) 722-1605
Fax: (520) 844-8070

John C. Smith, State Bar No. 023008
Email: john@smithandsmithpllc.com
Will Sherman, State Bar no. 034221
Email: will@smithandsmithpllc.com

*Attorneys for Official Committee of Unsecured Creditors*

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 Proceedings |
| FARWEST PUMP COMPANY, | Case No. 4:17-bk-11112-BMW |
| Debtor. | **Adversary Proceeding No.** |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS, | |
| Plaintiff, | **COMPLAINT FOR AVOIDANCE, RECOVERY, AND PRESERVATION OF FRADULENT TRANSFERS AND/OR PREFERENCE PAYMENTS** |
| vs. | |
| FARWEST PUMP COMPANY, an Arizona corporation; CLARK P. VAUGHT and CHANNA CREWS-VAUGHT, husband and wife; CLARK P. VAUGHT REVOCABLE LIVING TRUST DATED SEPTEMBER 7, 1993; RELIANT WELL DRILLING AND PUMP COMPANY, INC., an Arizona corporation; VAUGHT EQUIPMENT, LLC, an Arizona limited liability company; and FARCO PERFORACIONES Y BOMBEO, S.A. DE C.V., a foreign corporation, | |
| Defendants. | |

The Official Committee of Unsecured Creditors (the "Committee"), through undersigned counsel, for its Complaint for Avoidance, Recovery and Preservation of Fraudulent Transfers and/or Preference Payments, alleges as follows:

/ / /

## I. NATURE OF THE ACTION

1. This is an action to recover properties which were fraudulently transferred by Farwest Pump Company ("Farwest") to other entities owned by Farwest's principals, Clark P. Vaught and Channa Crews-Vaught (the "Vaughts") to avoid being included in Farwest's bankruptcy estate.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under 28 U.S.C. §§ 157 and 1334. This Complaint is governed by §§ 544(a), 548(a)(1) and (b), and 550 of the Bankruptcy Code, A.R.S. §§ 44-1004, 44-1005 and 44-1009, and the Federal Rules of Bankruptcy Procedure 7001, et seq.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(H).

4. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409.

5. This action is timely pursuant to 11 U.S.C. § 108 and A.R.S. § 44-1007.

## III. PARTIES

6. Plaintiff is the appointed Official Committee of Unsecured Creditors in Bankruptcy Case No. 4:17-bk-11112-BMW.

7. Farwest is an Arizona corporation, currently existing and in good standing.

8. Reliant Well Drilling and Pump Company, Inc. ("Reliant") is an Arizona corporation owned by Clark P. Vaught.

9. Vaught Equipment, LLC ("Vaught Equipment") is an Arizona limited liability company owned by Clark P. Vaught and Channa Crews-Vaught.

2

10. Farco Perforaciones y Bombeo, S.A. de C.V. ("FARCO"), is a Mexico-based corporation that operates in Sonora, Mexico, and is owned by Clark P. Vaught.

11. Clark P. Vaught is the Trustee of the Clark P. Vaught Revocable Living Trust dated September 7, 1993.

12. The Vaughts are the principals of Farwest, and upon information and belief are residents of Pima County, Arizona.

**IV. GENERAL ALLEGATIONS**

13. On September 20, 2017, Farwest filed a voluntary petition under Chapter 11 of Title 11 of the Bankruptcy Code. Throughout the ensuing bankruptcy proceedings, Farwest has shown a pattern of abusing the courts and defrauding creditors.

14. First, Farwest violated a direct court order not to remove collateral from the United States of America when it transferred its most valuable asset to Mexico. This was done in direct violation of a court order. Farwest also failed to file timely or accurate operating reports and failed to provide financial documents for Vaught Equipment or related entities in violation of court orders. Failing to provide this information has left creditors and the Bankruptcy Court in the dark about the financial situation of the related entities.

15. Second, prior to filing bankruptcy, Farwest restructured its well drilling and pump operations so that Reliant and FARCO would be insulated from the bankruptcy proceeding. Through this restructuring, the Vaughts have complete control of Farwest's income through related entities FARCO and Reliant. This restructuring has led to Farwest's accounts receivable skyrocketing during the bankruptcy. The accounts receivable increased

3

from $162,754.90 on the Petition Date, to $408,009.95 as of Sept. 30, 2019. On information and belief, Farwest has not made any attempts to collect this money from their related entities. This demonstrates how the Vaughts control the flow of income to Farwest.

16. Finally, Ms. Crews-Vaught admitted diverting insurance funds from Farwest's DIP account.

17. It is with these actions in mind that Plaintiff alleges Farwest transferred property to insider entities within four years of the Petition date which violated state and federal transfer laws. Plaintiff alleges these transfers are avoidable as fraudulent transfers pursuant to 11 U.S.C. §§ 544, 550, 551 and A.R.S. § 44-1004.

18. On information and belief, Farwest transferred approximately $1,030,000 worth of equipment and assets to insider entities with intent to hinder, delay, or defraud creditors to which Farwest was indebted at the time of the transfers or to which it became indebted after the date of such transfers.

19. Farwest has failed to provide information about these transfers beyond that they happened. Farwest asserted in its Disclosure Statement that it believes the equipment sold for a fair price. However, there is no proof of what that fair price is beyond Farwest's bald assertion. Farwest has not stated what equipment was transferred, the value of the transferred equipment, and what price it received for the equipment sold.

20. On information and belief, all the transfers occurred while Farwest had pending litigation which ultimately resulted in a large judgment against Farwest and at least one case

4

is still pending with substantial counterclaims against Farwest, *Farwest Pump Company v. Joel Rodriguez, et al.,* Pima County Superior Court Case No. C20150425.

21. Farwest claimed the Statement of Financial Affairs ("SOFA") it filed included these transfers, but the amount listed on the SOFA did not equal $1,030,000. The SOFA only shows 30 transfers to Vaught Equipment totaling $459,581. That leaves $570,419 worth of property and equipment unaccounted for by Farwest.

22. On information and belief, the Vaughts retained control over the equipment as the transfers were made to Farwest's insiders, Vaught Equipment and FARCO.

23. On information and belief, Farwest declared bankruptcy in part because of a $900,000 judgment entered against it on January 10, 2017 by the California Superior Court in *ANC Orchard, LLC. v. Farwest Pump Company,* Case No. BCV-16-100186-SPC.

24. On information and belief, Farwest made these transfers to insider companies during pending litigation in the *ANC Orchard* case and the *Rodriguez* case. Farwest fraudulently transferred equipment and property to avoid judgments and to avoid the equipment and property from being included in the bankruptcy estate. Plaintiff asks that the Court find these transfers to be avoidable transfers under 11 U.S.C. §§ 544, 550, 551 and A.R.S. § 44-1001, et seq.

WHEREFORE, Plaintiff respectfully prays for judgment against Farwest for all remedies available under A.R.S. § 44-1007, including, but not limited to:

A. Avoiding the fraudulent property transfers;

5

B. Directing the Vaughts and any and all subsequent transferees of the property to return the property to the bankruptcy estate or reimburse the bankruptcy estate $1,030,000 for the transferred property;

C. For reasonable attorney's fees and costs incurred under any available statutes; and

D. For such other and further relief as the Court finds proper and just.

DATED this 11th day of September 2020.

**GERALD K. SMITH AND JOHN C. SMITH LAW OFFICES, PLLC**

By: */s/ John C. Smith*
      John C. Smith
      *Attorneys for Official Committee of Unsecured Creditors*