**SMITH & SMITH**
GERALD K. SMITH AND JOHN C. SMITH
LAW OFFICES, PLLC
ATTORNEYS AT LAW

6720 E. Camino Principal, Suite 203
Tucson, AZ 85715
Tel: (520) 722-1605
Fax: (520) 722-9096

John C. Smith, State Bar No. 023008
Email: john@smithandsmithpllc.com
Will Sherman, State Bar No. 034221
Email: will.sherman@gmx.com

*Attorneys for Official Committee of Unsecured Creditors*

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re: | Chapter 11 Proceeding |
| FARWEST PUMP COMPANY, | Case No. 4:17-bk-11112-BMW |
| Debtor. | **RENEWED MOTION TO CONVERT TO CHAPTER 7** |

The Official Committee of Unsecured Creditors (the "Committee"), through undersigned counsel, pursuant to 11 U.S.C. §§ 105 and 1112, hereby renews its *Motion to Dismiss or Convert to Chapter 7* [DE 451] filed on March 8, 2019, and modifies it to request that the Court enter an order converting this case to a Chapter 7.

This Motion is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I. FACTS**

1. On September 20, 2017, the Debtor filed a voluntary petition for Chapter 11 relief.

2. On or about November 14, 2017, the Committee was formed.

3. On December 21, 2017, the Court entered an Order authorizing the Committee to employ undersigned counsel.

4. The Debtor filed a plan of reorganization on January 18, 2018, which was subsequently amended on March 21, 2018 and again on June 12, 2018.

5. On March 30, 2018, the Committee filed its plan of liquidation and disclosure statement, and an amended disclosure statement on June 12, 2018.

6. A trial on the competing plans was held on May 2, May 8 and May 23, 2019, at which testimony was taken.

7. The parties submitted post-trial briefs on June 6, 2019, and closing arguments were held on June 12, 2019.

8. On October 17, 2019, the Court entered a Memorandum Decision Regarding Plan Confirmation, and its Order Confirming the Committee's Plan.

9. On October 25, 2019, the Debtor appealed the Order Confirming the Committee's Plan to the Bankruptcy Appellate Panel (the "BAP").

10. On November 26, 2019, the Committee renewed its previously-filed Motion for Standing to recover fraudulent transfers and/or preference payments from the Debtor's related entities.

11. At the January 16, 2020, on the Committee's Renewed Motion for Standing, the Court granted the Motion with respect to fraudulent transfers and preferential payments.[1]

12. On March 23, 2020, the Committee requested a hearing on its First Fee Application, which the Debtor had objected to.

---

[1] After repeated attempts to secure Debtor's counsel's agreement to the language for a proposed stipulated order, a Stipulated Order was entered on June 6, 2020, granting the Committee standing to pursue fraudulent transfer claims against the Debtor's related entities, and imposing protective measures on the Debtor to include filing periodic financial reports of the Debtor's related entities. Despite repeated requests, the Debtor has not complied with the Court's Order.

13. After a hearing held on May 13, 2020, at which counsel for the Committee agreed to a 10% reduction in his fees, the Court entered an Order approving payment of the reduced amount. Despite repeated requests, the Debtor has not complied with the Court's Order.

14. On July 15, 2020, oral argument was heard before the BAP, and on September 18, 2020, the BAP entered its Memorandum Decision, affirming the Bankruptcy Court's order denying confirmation of the Debtor's plan, vacating the order confirming the Committee's plan, and remanding the case for further proceedings.

15. On August 12, 2020, the Committee filed an Application for Order to Show Cause for the Debtor's failure to pay the Committee's First Fee Application as ordered on May 13, 2020.

16. On August 24, 2020, the Committee filed an Application for Order to Show Cause for the Debtor's failure to file periodic financial reports as ordered on June 6, 2020.

17. A hearing was held on September 30, 2020, to consider the Committee's applications for orders to show cause. At the hearing, Debtor's counsel advised that he would have the Debtor pay the reduced fees pursuant to the First Fee Application and prepare financial reports for the Debtor's related entities. Debtor's counsel also proposed that the parties agree to participate in mediation.

18. At the September 30, 2020, hearing the Court set a continued hearing for October 21, 2020, and advised that it was inclined to convert the case to a Chapter 7 at the October 21 hearing.

19. As of the filing of this Renewed Motion, the Debtor continues to flaunt this Court's orders. The Debtor has failed to pay undersigned counsel's attorney's fees and has failed to file financial reports for its related entities as ordered.

## II. DISCUSSION

For the sake of brevity, rather than re-arguing the Motion, the Committee hereby renews and incorporates by reference all briefing on this matter, including its "Memorandum of Points and Authorities," found in the original Motion to Dismiss and/or Convert to Chapter 7 at DE 451.[2]

Ultimately, the Committee believes that it is in the best interest of creditors and of the Debtor's estate to convert this case to a Chapter 7. The Committee believes that cause exists pursuant to the following Section 1112(b)(4) factors:

(A) That there has been and will continue to be a diminution of the estate's assets and there is no reasonable likelihood of rehabilitation. First, the Debtor's Plan was denied and all findings on the Debtor's Plan were upheld by the Bankruptcy Appellate Panel. Second, the Debtor's equipment continues to depreciate like any other asset and without the related entities providing any disclosure, we are in the dark as to the existence of many of the Debtor's assets. Third, according to the Debtor's monthly operating reports, the Debtor's business has only generated $95,295.62 in net income since the filing of the petition. And finally, the Debtor has outstanding receivables that have grown from $122,066.90 at the petition date, to $373,299.13 according to the Debtor's last Monthly Operating Report.

---

[2] The Committee also requests the Court taken into consideration its Memorandum Decision Regarding Plan Confirmation [DE 614] and Order Confirming Committee's Plan [DE 615].

(B) That the estate has been grossly mismanaged, which has been shown by the actions of the Debtor's principals, to include not following Court orders as demonstrated by the Committee's two Applications for Orders to Show Cause at DE 765 and 768, and this Court's findings pursuant to its Memorandum Decision Regarding Plan Confirmation;

(E) That the Debtor has failed to comply with orders of the Court as noted herein; and

(F) That the Debtor has failed to timely file monthly operating reports and financial reports for the related entities as ordered by the Court, as noted above.

## III. CONCLUSION

For the reasons stated in the Committee's original Motion and the Renewed Motion, the Committee respectfully requests the Court enter an order converting this case to a Chapter 7.

DATED this 15th day of October 2020.

**GERALD K. SMITH AND JOHN C. SMITH LAW OFFICES, PLLC**

By *s/ John C. Smith*
    John C. Smith
    *Attorneys for Official Committee*

# CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing and additionally e-mailed copies of the attached document to the following ECF registrants:

Renee Sandler Shamblin*
Office of the United States Trustee
230 North First Avenue, #204
Phoenix, AZ 85003-1706
Email: renee.s.shamblin@usdoj.gov

Kasey C. Nye*
5210 E. Williams Circle, Suite 800
Tucson, AZ 85712
Email: knye@waterfallattorneys.com
*Attorneys for Debtor*

Brad Peters*
San Joaquin Bit Service, Inc.
P. O. Box 40186
Bakersfield, CA 93384
Email: bpeters@sanjoaquinbit.com

G. Lawrence Schubart*
340 N. Main Avenue
Tucson, AZ 85701
Email: lschubart@stubbsschubart.com

Daryl Bishop*
Steven Gilfenbain*
The Morgan Rose Ranch, LP
9777 Wilshire Blvd., Suite 900
Beverly Hills, CA 90212
Email: dbishop@mmgagribusiness.com
Email: steven@mmgagribusiness.com

Robert M. Charles, Jr.*
Jeffrey L. Sklar*
Lewis Roca Rothgerber Christie LLP
One S. Church Ave., Suite 2000
Tucson, AZ 85701-1611
Email: rcharles@lrrc.com
Email: jsklar@lrrc.com

| | |
|---|---|
| 1 | Rebecca O'Brien* |
| 2 | Rusing, Lopez & Lizardi, PLLC<br>6363 N. Swan Rd., Suite 151 |
| 3 | Tucson, AZ 85718<br>Email: robrien@rllaz.com |
| 4 | *Attorneys for Douglas Dunlap* |
| 5 | |
| 6 | Nancy Swift*<br>Buchalter, a Professional Corporation |
| 7 | 16435 N. Scottsdale Rd., Suite 440<br>Scottsdale, AZ 85254-1754 |
| 8 | Email: nswift@buchalter.com<br>*Attorneys for Ford Motor Credit Corp.* |
| 9 | |
| 10 | Jacob Sparks*<br>10100 North Central Expressway, #225 |
| 11 | Dallas, TX 75231-4456<br>Email: JSparks@SpencerFane.com |
| 12 | *Attorneys for UMB* |
| 13 | S. Cary Forrester* |
| 14 | Forrester & Worth, PLLC<br>3636 N. Central Avenue, Suite 700 |
| 15 | Phoenix, AZ 8501<br>Email: SCF@forresterandworth.com |
| 16 | *Attorney for Reliant Well Drilling and Vaught Equipment* |
| 17 | Howard A. Chorost* |
| 18 | 21 E. Speedway Blvd.<br>Tucson, Arizona 85705 |
| 19 | Email: hchorost@me.com<br>*Attorney for Creditor Stubbs and Schubart* |
| 20 | |
| 21 | Russ Stowers*<br>4574 North 1st Avenue, Suite 100 |
| 22 | Tucson, AZ 85718<br>Email: russ@stowerswest.com |
| 23 | |
| 24 | Jill H. Perrella*<br>James G. Florentine* |
| 25 | Snell & Wilmer L.L.P.<br>One S. Church Ave., Suite 1500 |
| 26 | Tucson, AZ 85701 |
| 27 | Email: jperrella@swlaw.com<br>Email: jflorentine@swlaw.com |
| 28 | *Attorneys for Creditor Flaska* |

| 1 | |
| --- | --- |
| 2 | Mary K. Farrington-Lorch*<br>3930 E. Camelback Rd., Ste. 100 |
| 3 | Phoenix, *AZ* 85018<br>Email: marykfl@farringtonlorchlaw.com |
| 4 | *Attorney for American Express Nat'l Bank* |
| 5 | Lesley Lukach* |
| 6 | Pima County Attorney's Office<br>32 N. Stone, Suite 2100 |
| 7 | Tucson, AZ 85701 |
| 8 | Email: Lesley.Lukach@pcao.pima.gov<br>*Attorneys for Pima County Treasurer* |
| 9 | |
| 10 | Larry Folks*<br>Folks Hess Kass PLLC |
| 11 | 1850 N. Central Ave., Suite 1140<br>Phoenix, AZ 85004 |
| 12 | Email: folks@folkshesskass.com |
| 13 | *Attorneys for Nationstar Mortgage* |
| 14 | Steven N. Berger<br>ENGELMAN BERGER, P.C. |
| 15 | 2800 North Central Avenue, Suite 1200<br>Phoenix, Arizona 85004 |
| 16 | Email: snb@eblawyers.com |
| 17 | *Attorneys for Clark P. Vaught, Channa Crews-Vaught and Clark P. Vaught Revocable Living Trust* |
| 18 | |
| 19 | */s/ Kate Manns*<br>Kate Manns |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |