# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| In re:<br><br>FARWEST PUMP COMPANY,<br><br>Debtor. | Chapter 7<br><br>Case No. 4:17-bk-11112-BMW<br><br>**ORDER APPROVING TRUSTEE'S MOTION TO APPROVE SETTLEMENT WITH DAVID LEONARD** |
|---|---|

Having reviewed the *Trustee's Motion to Approve Settlement with David Leonard* [Doc 835] ("**Motion**") and any response or reply, and good cause appearing,

**IT IS HEREBY ORDERED** that:

1. The Motion is granted, and the settlement between the Trustee and creditor, David Leonard and David J. Leonard, PLC as attached to the Motion, and attached here as **Exhibit A**, is approved.

2. This Court retains jurisdiction to adjudicate any disputes regarding and/or enforce the terms of this Order and the settlement.

**DATED AND SIGNED ABOVE**

# EXHIBIT A

# ASSIGNMENT OF INSURANCE CLAIMS AND SETTLEMENT AGREEMENT

This Assignment of Insurance Claims and Settlement Agreement (the "Agreement") is dated February [23], 2020 ("Effective Date") hereby made by (i) Christopher Linscott, as Chapter 7 Trustee for FarWest Pump Company ("Assignor" or "Trustee"), and (ii) David J. Leonard and David J. Leonard, PLC(collectively "Creditor", and together with Trustee, the "Parties". In consideration of the recitals and mutual covenants herein contained and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, confirmed and agreed as follows:

**SECTION 1. RECITALS.**

1.1     Trustee is administering the bankruptcy estate of FarWest Pump Company ("Estate").

1.2     Creditor and the FarWest Pump Company ("Debtor") entered into a settlement that was approved by the Bankruptcy Court for the District of Arizona establishing the Creditor's interest in 50% of the first $400,000.00 in certain causes of actions and an unsecured claim for $243,762.94 ("Creditor's Claims").

1.3     Prior to conversion to chapter 7, the Debtor sought bankruptcy court approval to employ Creditor to pursue certain causes of action against Secura related to the Creditor's Claims.

1.4     While the application to employ Creditor was pending, the Creditor, on behalf of himself and the Debtor, filed an action against Secura Insurance. This action was removed to the District Court for the State of Arizona Case No. 4:20-cv-00464-JGZ ("Secura Litigation").

1.5     The Parties desire to exchange the Estate's interest in the Secura Litigation in full and final satisfaction of all claims or administrative expenses that Creditor has or may have against the Debtor's Estate, including but not limited to the Creditor's Claims.

**SECTION 2. ASSIGNMENT, INDEMNIFICATION AND COOPERATION.**

2.1     Subject only to bankruptcy court approval of this Agreement, Assignor irrevocably grants, sells, conveys, assigns, transfers, sets over and delivers unto David J. Leonard, PLC ("Assignee") all of Assignor's right, title, and interest in and to the Secura Litigation. This Agreement is meant to cover all of the Estate's interests in any claims asserted in the Secura Litigation, whether arising under contract, bad faith or otherwise arising from theft, inland marine, contractor's equipment. Assignor's

2.2     Assignor permits Assignee to pursue the Secura Litigation in the name of FarWest Pump Company to the fullest extent permitted by law.

2.3     Creditor and Trustee have entered into this Agreement based upon their own knowledge and investigation of Secura Litigation. Creditor and Trustee are familiar with, and has completed such investigations as it considers desirable of, the Secura Litigation. Creditor and Trustee have not relied, and is not relying, upon any information provided or to be provided by

Assignor or Assignee and is not relying upon any representation or warranty of Assignor or Assignee. Creditor and Trustee are sophisticated parties and are relying solely on their own investigation of the Secura Litigation. The assignment and transfer of the Estate's interest in the Secura Litigation as provided for in this Agreement is made AS-IS, WHERE-IS, WITHOUT RECOURSE, WARRANTY OR REPRESENTATION, EXPRESS OR IMPLIED. Without limiting the preceding sentence, Assignor and Assignee makes no representation or warranty regarding the sufficiency or enforceability of the Secura Litigation, the availability of any remedies in connection with the Secura Litigation, the value of the Creditor's Claims, or any other matter in connection with the Secura Litigation or the Creditor's Claims.

2.4 Assignee hereby agrees to indemnify and hold Assignor and the Trustee harmless from and against any expenses, losses, claims, damages or liabilities which are incurred by Assignor or Trustee caused by or in any way related to assignment of the Estate's interest in the Secura Litigation (including but not limited to reasonable attorneys' fees or any expenses, losses, claims, damages or liabilities arising from any action taken by Assignee with respect to the Secura Litigation). .

2.5 Assignor agrees to provide Assignee with reasonable access to the Debtors' books and records as necessary or appropriate for Assignee to pursue the Secura Litigation, or or as required by a court of competent jurisdiction to the extent Assignor has access to such documents or records.

### SECTION 3. CREDITOR'S CLAIM

3.1 Upon bankruptcy court order approving this Agreement, the Creditor's Claims (including all secured and unsecured claims and any administrative expense claims) will be deemed fully and finally satisfied, and Creditor will not be entitled to any payment or recovery from the Estate.

### SECTION 4. MISCELLANEOUS.

4.1 The Trustee shall seek approval of this Agreement by the Bankruptcy Court in Farwest Pump Company Case No. 4:17-bk-11112-BMW pursuant to Fed. R. Bankr. P. 9019.

4.2 This Agreement supersedes the Estate's previous agreement with the Creditor, provided, however, Creditor may retain any funds Creditor already received by way of the Estate's previous agreement.

4.3 The Parties shall execute such additional documents and perform such other acts as may be reasonably necessary to fully implement the intent of this Agreement.

4.4 This Agreement shall be binding upon, and shall inure to the benefit of, the Parties hereto and their predecessors, successors and assigns.

4.5 The United States Bankruptcy Court for the District of Arizona shall retain exclusive jurisdiction over this Agreement.

-2-

Case 4:17-bk-11112-BMW    Doc 842    Filed 03/26/21    Entered 03/29/21 07:03:58    Desc
Main Document    Page 4 of 5

4.6  To the extent a dispute arises over this Agreement, the prevailing party shall be entitled to an award of attorney's fees.

4.7  This Agreement shall be governed by the laws of the State of Arizona.

IN WITNESS WHEREOF, these presents are executed as of the date indicated above.

Christopher Linscott, as Chapter 7 Trustee for FarWest Pump Company

By: _____
Name: Christopher Linscott
As:   Chapter 7 Trustee

David J. Leonard, PLC

By: _____
Name: David J. Leonard
Its:   Manager
David J. Leonard


By: _____
     David J. Leonard

2818340