Richard M. Lorenzen (AZ 006787)
Bradley A. Cosman (AZ 026223)
PERKINS COIE LLP
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
602.351.8000
RLorenzen@perkinscoie.com
BCosman@perkinscoie.com

*Counsel to Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>FARWEST PUMP COMPANY,<br><br>Debtor.<br><br>CHRISTOPHER LINSCOTT, CHAPTER 7 TRUSTEE FOR FARWEST PUMP COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CLARK P. VAUGHT and CHANNA CREWS-VAUGHT, husband and wife; CLARK P. VAUGHT REVOCABLE LIVING TRUST DATED SEPTEMBER 7, 1993; VAUGHT EQUIPMENT, LLC, an Arizona limited liability company; FARCO PERFORACIONES Y BOMBEO, S.A. DE C.V., a foreign corporation; and Black Corporations,<br><br>Defendants. | Chapter 7<br><br>Case No. 4:17-bk-11112-BMW<br><br>Adversary No.<br><br><br><br><br><br><br><br>**COMPLAINT FOR BREACH OF CONTRACT, CONVERSION, UNJUST ENRICHMENT, AND DISALLOWANCE OF CLAIMS UNDER 11 U.S.C. § 502(d)** |

Christopher Linscott, as Chapter 7 Trustee for Farwest Pump Company ("**Plaintiff**" or "**Trustee**") states, claims, and alleges as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over the parties and the subject matter of this adversary proceeding under 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409.

## II. PARTIES

4. Plaintiff is the Chapter 7 Trustee for Farwest Pump Company ("**Farwest**"). Farwest is an Arizona corporation.

5. Vaught Equipment, LLC ("**Vaught Equipment**") is an Arizona limited liability company owned by Clark P. Vaught and Channa Crews-Vaught.

6. Farco Perforaciones y Bombeo, S.A. de C.V. ("**FARCO**"), is a Mexico-based corporation that operates in Sonora, Mexico, and is owned by Clark P. Vaught.

7. Clark P. Vaught is the Trustee of the Clark P. Vaught Revocable Living Trust dated September 7, 1993.

8. Clark P. Vaught and Channa Crews-Vaught (the "**Vaughts**") are the principals of Farwest, and upon information and belief are residents of Pima County, Arizona.

9. "Black Corporations" refers individually and collectively to one or more fictional corporations, partnerships, limited liability companies, or other legal persons who, upon information and belief participated in some or all of the wrongful acts complained of herein. The true name of any such entity or entities will be supplied when known.

## III. THE LEASE AGREEMENTS

10. On March 31, 2017, Farwest and Vaught Equipment entered into a series of agreements under which Farwest leased to Vaught Equipment various vehicles (collectively, the "**Vehicle Lease Agreements**").

11. First, Farwest leased to Vaught Equipment a 2014 Ford F250 for a term of five years beginning on April 1, 2017 (the "**2014 Ford F250 Lease Agreement**"). Under this agreement, Vaught Equipment was to pay a total rent of $54,000 over sixty monthly installments of $900 a month. A true and correct copy of the 2014 Ford F250 Lease Agreement is attached hereto as **Exhibit A**.

12. Second, Farwest leased to Vaught Equipment a 2015 Ford F250 for a term of five years beginning on April 1, 2017 (the "**2015 Ford F250 Lease Agreement**"). Vaught Equipment agreed to pay a total rent of $54,000 in sixty monthly installments of $900. A true and correct copy of the 2015 Ford F250 Lease Agreement is attached hereto as **Exhibit B**.

13. Third, Farwest leased to Vaught Equipment a 2015 Ford F350 for a term of five years beginning on April 1, 2017 (the "**2015 Ford F350 Lease Agreement**"). Vaught Equipment agreed to pay a total rent of $84,000 in sixty monthly installments of $1400. A true and correct copy of the 2015 Ford F350 Lease Agreement is attached hereto as **Exhibit C**.

14. Fourth, Farwest leased to Vaught Equipment a 2015 Platinum Ford F350 for a term of five years beginning on April 1, 2017 (the "**2015 Platinum Ford F350 Lease Agreement**"). Vaught Equipment agreed to pay a total rent of $96,000 in sixty monthly installments of $1600. A true and correct copy of the 2015 Platinum Ford F350 Lease Agreement is attached hereto as **Exhibit D**.

15. Fifth, Farwest leased to Vaught Equipment a 2016 Ford F350 for a term of five years beginning on April 1, 2017 (the "**2016 Ford F350 Lease Agreement**"). Vaught Equipment agreed to pay a total rent of $84,000 in sixty monthly installments of $1400. A true and correct copy of the 2016 Ford F350 Lease Agreement is attached hereto as **Exhibit E**.

16. Farwest and Vaught Equipment also entered into a number of lease agreements under which Vaught Equipment leased equipment from Farwest (collectively, the "**Equipment Lease Agreements**").

17. On December 31, 2015, Farwest and Vaught Equipment entered into an agreement under which Farwest leased a 2014 Kenworth with Foremost Dual Rotary and Accessories to Vaught Equipment for a term of five years beginning on January 1, 2016 (the "**2014 Kenworth Lease Agreement**"). Vaught Equipment agreed to pay a total rent of $1,320,000 in sixty monthly installments of $22,000. A true and correct copy of the 2014 Kenworth Lease Agreement is attached hereto as **Exhibit F**.

18. On March 31, 2017, Farwest and Vaught Equipment entered into an agreement under which Farwest leased a 2014 JCB Backhoe to Vaught Equipment for a term of five years beginning on April 1, 2017 (the "**First 2014 JCB Backhoe Lease Agreement**"). Vaught Equipment agreed to pay a total rent of $90,000 in sixty monthly installments of $1500. A true and correct copy of the First 2014 JCB Backhoe Lease Agreement is attached hereto as **Exhibit G**.

19. On March 31, 2017, Farwest and Vaught Equipment also entered into an agreement under which Farwest leased a second 2014 JCB Backhoe to Vaught Equipment for a term of five years beginning on April 1, 2017 (the "**Second 2014 JCB Backhoe Lease Agreement**"). Vaught Equipment agreed to pay a total rent of $90,000 in sixty monthly installments of $1500. A true and correct copy of the Second 2014 JCB Backhoe Lease Agreement is attached hereto as **Exhibit H**.

20. Finally, on March 31, 2017, Farwest and Vaught Equipment entered into an agreement under which Farwest leased miscellaneous pipe racks to Vaught Equipment for a term of five years beginning on April 1, 2017 (the "**Pipe Rack Lease Agreement**"). Vaught Equipment agreed to pay a total rent of $21,000 in sixty monthly installments of $350. A true and correct copy of the Pipe Rack Lease Agreement is attached hereto as **Exhibit I**.

21. Vaught Equipment stopped making payments under the Vehicle Lease Agreements and the Equipment Lease Agreements between April 2019 and July 2020, yet continued to possess and use the subject vehicles and equipment until the conversion to Chapter 7.

22. As of October 31, 2020, Vaught Equipment owes to Farwest a total of $993,342 in delinquent rent payments for the Vehicle Lease Agreements and the Equipment Lease Agreements.

23. Upon information and belief, Vaught Equipment subleased some or all of the vehicles and equipment under the Vehicle Lease Agreements and the Equipment Lease Agreements to FARCO.

**IV. VALUABLE ESTATE ASSETS IMPERMISSIBLY TRANSFERRED TO FARCO IN MEXICO AND LOST.**

24. On September 20, 2017, Farwest filed a voluntary petition under Chapter 11 of Title 11 of the Bankruptcy Code.

25. When Farwest filed a bankruptcy petition, Farwest's property and assets became property of the bankruptcy estate.

26. Following the filing of Farwest's bankruptcy petition, the Vaughts, FARCO, and upon information and belief one or more Black Corporations participated in and/or caused the transfer by Farwest of a valuable drill rig, the 2015 Kenworth Chassis and a Foremost Model DR12/26P-80/24H-900 Dual Rotary Drill (the "**Drill Rig**") to FARCO (a Vaught-affiliated entity) in Mexico, with knowledge of and in disregard of the ownership rights of Farwest's bankruptcy estate, and in direct violation of a court order that the Drill Rig "not be removed from the United States of America at any time during the pendency of this case." *Order Denying Emergency Motion for Authority to Lease Drill Rig to Farco Perforaciones Y Bombeo S.A. de C.V., and Permit Drill Rig to be Imported to Mexico* [Doc 475]. This Court reiterated this order during a May 23, 2019 hearing. *Minute Entry* [Doc 537].

27. Upon information and belief, the value of the Drill Rig at the time of the subject transfer was not less than $850,000.00. This is consistent with the insured amount of the Drill Rig by FARCO when it was transferred to Mexico.

28. Upon information and belief, FARCO and/or other defendants obtained a policy of insurance on the Drill Rig from an insurance carrier in Mexico (the "**Mexico Policy**").

29. Upon information and belief, the Vaughts and FARCO claim that the Drill Rig was stolen while unlawfully present in Mexico.

30. Upon information and belief, prior to the alleged theft of the Drill Rig, FARCO received not less than $500,000.00 in benefits from its possession and use of the Drill Rig ("**Drill Rig Revenues**").

31. FARCO subsequently sued the carrier under the Mexico Policy in a Mexican court, and such litigation is still pending (the "**Mexico Litigation**").

32. FARCO contends in the Mexico Litigation that it is entitled to payments under the Mexico Policy of not less than $1,000,000.00 for the value of the Drill Rig, plus additional amounts including lost profits.

**COUNT ONE**

**BREACH OF CONTRACT AGAINST VAUGHT EQUIPMENT**

33. Plaintiff realleges and incorporates by reference the allegations set forth above as though fully set forth herein.

34. Farwest and Vaught Equipment entered into valid Vehicle Lease Agreements and Equipment Lease Agreements.

35. Vaught Equipment breached each of the Vehicle Lease Agreements and Equipment Lease Agreements when it stopped paying the agreed upon monthly rent installments.

36. As a result of Vaught Equipment's breach, Farwest has incurred damages for which it is entitled to a judgment against Vaught Equipment in an amount to be proven at trial but in no case less than $993,342.

37. Plaintiff is entitled to an award of attorneys' fees under the terms of the Vehicle Lease Agreements and Equipment Lease Agreements.

38. Plaintiff is entitled to an award of attorneys' fees pursuant to A.R.S. §12-341.01.

**COUNT TWO**

**CONVERSION OF PROPERTY AGAINST CLARK P. VAUGHT, CHANNA CREWS-VAUGHT, FARCO, AND BLACK CORPORATIONS (DRILL RIG)**

39. Plaintiff realleges and incorporates by reference the allegations set forth above as though fully set forth herein.

40. Farwest had the immediate right of possession of the Drill Rig at the time it was transferred to FARCO.

41. The Vaughts, Black Corporations, and FARCO intentionally exercised dominion and control over the Drill Rig by removing it from Farwest's possession and control and transferring possession and control to FARCO without Farwest's permission.

42. Because the Vaughts, Black Corporations, and FARCO—not Farwest or, later, the Trustee—had physical control or possession of the Drill Rig, the Vaughts, Black Corporations, and FARCO seriously interfered with the right of Farwest and the Trustee to control it.

43. As a direct and proximate result of the Defendants' above-described conduct, Farwest has been damaged in an amount to be proven at trial but, in any event, no less than $850,000, together with all Drill Rig Revenues, and recoveries under the Mexico Policy.

## COUNT THREE

**UNJUST ENRICHMENT AGAINST CLARK P. VAUGHT, CHANNA CREW-VAUGHT, FARCO AND BLACK CORPORATIONS (DRILL RIG)**

44. Plaintiff realleges and incorporates by reference the allegations set forth above as though fully set forth herein.

45. If, contrary to Plaintiff's position in this case, Plaintiff is not otherwise able to recover fully under the foregoing Count II, Vaughts, Black Corporations, and FARCO have been enriched at Farwest's expense for the value of the Drill Rig and Drill Rig Revenues.

46. Vaughts, Black Corporations, and FARCO impoverished Farwest by depriving it of the value of the Drill Rig and Drill Rig Revenues.

47. If, contrary to Plaintiff's position in this case, Plaintiff is not otherwise able to recover fully under the foregoing Count II, then there is unjust enrichment of the Defendants and unjust impoverishment of Farwest, for which Plaintiff would lack any remedy at law.

48. Such unjust enrichment warrants establishing a constructive trust holding ownership of all right, title, and interest in and to all claims and proceeds relating to the Drill Rig, including without limitation all claims and proceeds relating to any insurance policy on the Drill Rig, and/or Drill Rig Revenues.

49. Alternatively, Defendants' unjust enrichment has damaged Plaintiff in an amount to be proven at trial.

## COUNT FOUR

**CONVERSION OF PROPERTY AGAINST CLARK P. VAUGHT, CHANNA CREWS-VAUGHT, AND FARCO (LEASE AGREEMENTS)**

50. Plaintiff realleges and incorporates by reference the allegations set forth above as though fully set forth herein.

51. Vaught Equipment had the immediate right of possession of all vehicles and equipment under the Vehicle Lease Agreements and the Equipment Lease Agreements the time such vehicles and equipment were was transferred by the Vaught Equipment to FARCO.

52. The Vaughts and FARCO intentionally exercised dominion and control over the leased vehicles and leased equipment by removing such vehicles and equipment from the possession and control of Vaught Equipment and transferring possession and control to FARCO without Farwest's permission.

53. Because the Vaughts and FARCO—not Farwest or, later, the Trustee—had physical control or possession of the leased vehicles and leased equipment, the Vaughts and FARCO seriously interfered with the right of Farwest and the Trustee rights under the Vehicle Lease Agreements and the Equipment Lease Agreements.

As a direct and proximate result of the Vaughts' and FARCO's above-described conduct, Farwest has been damaged in an amount to be proven at trial but, in any event, no less than $993,342.

**COUNT FIVE**

**TURNOVER OF AMOUNTS PURSUANT TO 11 U.S.C. 542**

54. Plaintiff realleges and incorporates by reference the allegations set forth above as though fully set forth herein.

55. Plaintiff has a legal and equitable interest under section 542 of the Bankruptcy Code in all amounts due from Defendants as set forth above.

56. Despite demand, Defendants have wrongfully failed and refused to pay to Plaintiff any or all of said amounts.

**COUNT SIX**

**DISALLOWANCE OF CLAIMS PURSUANT TO 11 U.S.C. § 502(d)**

57. Plaintiff realleges and incorporates by reference the allegations set forth above as though fully set forth herein.

58. Creditor Stubbs & Schubart, P.C. filed Proof of Claim 6-1 in the bankruptcy proceeding for $17,127.45 in breach of contract damages against Farwest and the Vaughts for unpaid legal fees. On December 11, 2019, Stubbs and Schubart, P.C. filed notice that it transferred Claim 6-1 to the Vaughts.

59. The Vaughts and the Clark P. Vaught Revocable Trust Dated September 7, 1993 filed Proof of Claim 34 in the bankruptcy proceedings for $46,624.02 in reimbursement for post-petition administrative expenses.

60. Vaught Equipment filed Proof of Claim 35-1 in the bankruptcy proceeding for $10,858.63 in reimbursement of insurance premiums it purportedly paid on Farwest's behalf.

61. The Vaughts and Vaught Equipment have not paid the rent amounts agreed to under the Vehicle Lease Agreements and Equipment Lease Agreements and impermissibly transferred the Drill Rig to FARCO.

62. To the extent any Defendant is determined to hold otherwise allowable claims against Farwest's bankruptcy estate, such claims must be disallowed pursuant to section 502(d) of the Bankruptcy Code unless and until such Defendant has paid any and all amounts for which it is determined to be liable under sections 542, 543, 550, or 553 of the Bankruptcy Code.

**PRAYER FOR RELIEF**

WHEREFORE, the Trustee prays for relief as follows:

A. Finding that Vaught Equipment breached the Vehicle Lease Agreements and Equipment Lease Agreements and therefore the Trustee is entitled to recover damages in an amount not less than $993,342, plus pre- and post-judgment interest;

B. Finding that the Vaughts, Black Corporations, and FARCO unlawfully converted the property of the estate and therefore the Trustee is entitled to recover damages in an amount not less than the value of the Drill Rig and any other converted property, plus

1  all Drill Rig Revenues, claims under the Mexico Policy, and proceeds recovered under the
Mexico Policy, plus pre- and post-judgment interest;

C. Entry of an order compelling the Vaughts, Black Corporations, and FARCO to turn over to the Plaintiff all Drill Rig Revenues, and any amounts recovered or to be recovered in the future in connection with the Mexico Policy, and/or an order imposing a constructive trust on all claims and proceeds relating to the Drill Rig and/or Drill Rig Revenues;

D. Pursuant to 11 U.S.C. § 502(d), disallowing all claims asserted by any Defendants against the Debtor, including Claims 6-1, 34, and 35-1;

E. Awarding reasonable attorney's fees and costs incurred under any available statutes, and/or the provisions of the Vehicle Lease Agreements and Equipment Lease Agreements; and

F. For such other and further relief as the Court finds proper and just.

February 23, 2022                **PERKINS COIE LLP**

By: */s/ Richard M. Lorenzen*
   Richard M. Lorenzen
   Bradley A. Cosman

*Counsel to Chapter 7 Trustee*

153765901.4